**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUISA EMORDI-PARKER,**

                Plaintiff,                    No. 09-cv-103
                                                               (GLS/DRH)

        v.

**FROST VALLEY YMCA,**

                Defendant.
_____

**APPEARANCES:**
FOR THE PLAINTIFF:

LUISA EMORDI-PARKER
*Pro Se*
P.O. Box 1355
Livingston Manor, NY 12758

FOR THE DEFENDANT:

Wilson, Elsner Law Firm      GLEN FEINBERG, ESQ.
3 Gannett Drive
White Plains, NY 10604

**Gary L. Sharpe**
**U.S. District Judge**

## DECISION AND ORDER

Currently before the court is defendant Frost Valley YMCA's

("YMCA") motion to dismiss (Dkt. No. 11) plaintiff Luisa Emordi-Parker's ("Emordi") discrimination claims under Title VII, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. For the following reasons, the YMCA's motion is granted without prejudice.

## BACKGROUND

Because the YMCA's motion to dismiss attacks the timeliness of the complaint and not the specific allegations in it, the court briefly states Emordi's allegations. Emordi specifically alleges that she was subjected to discriminatory treatment during her employment with the YMCA.

Emordi alleges, among other things, that: (1) the supervisor accused her of stealing time by not documenting her days off; (2) she was treated differently from others who obtained shelter at the YMCA; (3) unlike others, she was asked to complete duties "regardless of [her] deadlines or other work [she] was responsible for doing;" (4) the supervisor once screamed at her and asked her to provide a list of all her chores, something he did not require of other employees; (5) she never received the proper raises she was promised while other employees "were given bonuses;" (6) she applied for another position but she was not interviewed for the position although she was told that she would receive an interview; and (7) in April

2

2007, she was unjustly terminated.  (*See* Complaint generally.)

The complaint also specifically indicates that Emordi filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 25, 2007.  (*See* Complaint at p. 3.)  The complaint further indicates she received her Right to Sue Letter from the EEOC on July 29, 2008.  (*Id.* at 4.)  In addition, the materials attached to the Complaint indicate that Emordi wrote to the Pro Se Clerk of the District Court for the Southern District on October 28, 2008 indicating she was sending her complaint to be filed with the court.  (*See* Letter to Pro Se Clerk in YMCA's Ex. A.)  The complaint was then received by the Pro Se Clerk on November 5, 2008.  (*Id.*)  The case was subsequently transferred to this court.  Challenging the timeliness of the complaint and pursuant to Federal Rule of Civil Procedure 12(b)(6), the YMCA has filed a motion to dismiss.

## **DISCUSSION**

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts the allegations contained in the complaint as true and draws all reasonable inferences in favor of the non-moving party.  *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir. 1999).  Accordingly, courts must look at whether the complaint has pled "enough facts to state a claim to relief that

3

is plausible on its face." *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The Second Circuit has concluded, however, that, under *Twombly,* "the Supreme Court 'is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008) (citing *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)).

"In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right to sue letter." *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir. 1996) (citations omitted). "Normally it is assumed that a mailed document is received three days after its mailing." *Id.* "And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Id.* at 526.

The YMCA asserts that Emordi's claims are untimely because she failed to file her complaint within 90 days after receiving her Right to Sue

4

Letter from the EEOC on July 29, 2008.  After receiving that document, Emordi's deadline to file her action was October 27, 2008.  The record, however, indicates the Pro Se Clerk did not receive the complaint until November 5, 2008.  In fact, the record reveals that in her letter to the Pro Se Clerk, Emordi acknowledges the possibility that she was filing her complaint late.  (*See* Letter to Pro Se Clerk in YMCA's Ex. A.)

However, because the complaint was filed pro se, dismissal is without prejudice to replead within 60 days to allow the pro se plaintiff to indicate a reason for tolling the limitations period or allege why the limitations period is not a bar.  *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir. 1993) (stating: "we think the district court should not have dismissed [plaintiff's] complaint with prejudice, but should have given him the opportunity to amend his complaint in light of the policy to liberally construe civil rights complaints, and especially because this complaint was filed by a pro se plaintiff.") (citations omitted).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss is **GRANTED without prejudice to replead within 60 days**; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order

5

to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: June 19, 2009

_____
United States District Court Judge